# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOSEPH E. GIBBS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **OFFICER BRITTNEY KETLER, OFFICER RUSSELL E. REED**, | : | C.A. No. 16-103 |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | **Jury Trial Demanded** |
| | : | |

## FIRST AMENDED COMPLAINT[1]

**I.  JURISDICTION AND VENUE.**

1.  The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343(a)(3) and (4), 28 U.S.C. §§ 2201 and 2202, and the Fourth and Fourteenth Amendment to the U.S. Constitution.  The cause of action arises under 42 U.S.C. § 1983, as well as under Delaware common law.

**II.  COLOR OF LAW.**

2.  At all times material hereto, the individual Defendants were acting under the color of state law and participated in, authorized, ratified, approved, and/or sanctioned the violations of clearly established federal constitutional rights of which any reasonable official would have known.  The federal constitutional deprivations described herein are fairly attributable to the

---

[1] Plaintiffs file their First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) which permits a party to amend his complaint as a matter of course within 21 days of service on the defendants.  Service was completed on May 24, 2016.

individual Defendants.

**III.   PARTIES.**

    3.    Joseph Gibbs ("Joseph") is a resident of Wilmington, Delaware.

    4.    Officer Brittney Ketler was at all relevant times a police officer with the Wilmington Police Department.   She is sued in her individual capacity.

    5.    Officer Russell Reed was at all relevant times a police officer with the Wilmington Police Department.   He is sued in his individual capacity.

**IV.   FACTS.**

    6.    On February 28, 2014 Joseph ran out of gas in his Ford truck when he pulled up to his residence.

    7.    Joseph intended to switch places with his other vehicle, his Chrysler Concord, which he was already parked in front of, worried that he would get stuck on the hill on West 4th Street.

    8.    Joseph put on his four way flashers and got into the Chrysler.

    9.    A police car pulled up beside him.

    10.    Joseph exited his Chrysler.   Officer Brittney Ketler told him to get back into the vehicle.

    11.    Before Joseph was able to open the door, Officer Ketler started yelling, "Never mind! Place your hands on top of the car.   You are under arrest for driving a car with an expired tag."

    12.    Joseph said, "You got to do what you got to do."

    13.    Officer Ketler then yelled "That's a disorderly conduct charge and if you say anything else I'm going to start putting more charges on you."

14. At no time throughout this incident did any witnesses, neighbors, or people crowd around the scene. In fact, it was a very cold night, no one was on the street in the area, and it was serene.

15. Joseph was charged with Resisting Arrest and Disorderly Conduct.

16. Pursuant to 11 Del. C. § 1257(b) "A person is guilty of resisting arrest when the person intentionally prevents or attempts to prevent a peace officer from effecting an arrest or detention of the person or another person or intentionally flees from a peace officer who is effecting an arrest or detention of the person."

17. At no time did Defendant Officers have reasonable grounds to suspect Joseph had intentionally prevented or attempted to prevent the Defendants from effecting an arrest or detention of him.

18. Pursuant to 11 Del. C. § 1301, "A person is guilty of disorderly conduct when: (1) The person intentionally causes public inconvenience, annoyance or alarm to any other person, or creates a risk thereof by: a. Engaging in fighting or in violent, tumultuous or threatening behavior; or b. Making an unreasonable noise or an offensively coarse utterance, gesture or display, or addressing abusive language to any person present."

19. At no time did Officers have reasonable grounds to suspect Joseph had engaged in fighting, violent, or threatening behavior, made an unreasonable noise or offensively coarse utterance, gesture, display, or address anyone in abuse language.

20. Officer Ketler then escorted Joseph to the police car, and placed handcuffs on him that were extremely tight.

21. Standing outside of the police car, Officer Russell Reed asked Joseph his name. Joseph decided to remain silent as Officer Ketler had ordered him not to say anything else.

22. Plaintiff was seated in the police car for over an hour.

23. Plaintiff complained to both Officers that his handcuffs were too tight.

24. At the police station while Joseph was being searched Officer Reed grabbed and pulled Joseph's testicles. Joseph complained about this behavior. Officer Ketler laughed.

25. Plaintiff placed his clothes on the table as he had been instructed. He did not aim his clothes at Officer Ketler.

26. Officer Ketler charged Joseph with offensive touching, claiming one of the items had touched her.

27. Pursuant to 11 Del. C. § 601(a)(1), a person is guilty of offensive touching when he "Intentionally touches another person either with a member of his or her body or with any instrument, knowing that the person is thereby likely to cause offense or alarm to such other person."

28. At no time did the Defendant Officers have reasonable grounds to suspect Joseph had intentionally touched either of them knowing that it would cause offense or alarm.

29. Joseph was released from the police station between the hours of 4:30 AM and 5:00 AM.

30. Joseph had to walk 15 blocks to his residence in freezing temperature of six degrees below zero.

31. Joseph had to break into his apartment because Officer Ketler had given the tow truck driver Joseph's key ring which had his apartment key on it.

32. The next day, February 29, 2016, Joseph had to decide whether to use his last $250.00 to purchase a building for his brother's repass or permanently lose both of his cars that had been impounded. He ultimately rented the building, but had to beg family for the money to get his

cars.

33.     The use of force, arrest, and detention as described herein against Joseph as described herein restrained Joseph's freedom to walk away and constituted a seizure of Joseph for Fourth Amendment purposes.

**V.     DAMAGES.**

34.     As a direct and proximate result of the actions of the Defendants, as detailed herein, plaintiff has suffered or will suffer damages which include, but are not limited to:

> a)  The conscious suffering, emotional pain, terror, mental anguish, loss of enjoyment of life, mental and physical pain, physical injuries, swelling, bruising, a trigger thumb, re-injury of carpal tunnel syndrome, and Post Traumatic Stress Disorder suffered by Joseph.
>
> b)  Loss of civil rights found in the U.S. Constitution.
>
> c)  emotional distress, mental anguish and other suffering.
>
> e)  Punitive damages.

**COUNT I: AGAINST ALL DEFENDANTS**

**EXCESSIVE FORCE (ARREST/HANDCUFFING) IN VIOLATION OF 42 U.S.C. § 1983**

35.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs, as if fully set forth herein.

36.     In violation of 42 U.S.C. § 1983, the actions of the Ketler and Reed violated Joseph's constitutional rights to be free from unreasonable seizures as guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

37.     The arrest and handcuffing of Joseph was objectively unreasonable given the totality of the circumstances.

**COUNT II: AGAINST ALL DEFENDANTS**

**FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983**

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39. Officer Ketler and Officer Reed did not have probable cause to believe that Joseph had committed the criminal acts of Resisting Arrest, Disorderly Conduct, or Offensive Touching when they arrested him for these acts.

40. In violation of 42 U.S.C. § 1983, the actions of the Ketler and Reed violated Joseph's constitutional rights to be free from false arrests as guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT III: AGAINST ALL DEFENDANTS**

**FALSE IMPRISONMENT IN VIOLATION OF 42 U.S.C. § 1983**

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

42. Officer Ketler and Officer Reed did not have probable cause to believe that Joseph had committed the criminal acts of Resisting Arrest, Disorderly Conduct, or Offensive Touching when they arrested him for these acts.   Therefore, detention of Joseph pursuant to these arrests was unlawful.

43. In violation of 42 U.S.C. § 1983, the actions of the Ketler and Reed violated Joseph's constitutional rights to be free from false imprisonment as guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT IV- AGAINST ALL DEFENDANTS**

**RECKLESSNESS/WANTON CONDUCT**

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

45. Defendants owed a duty of care to Joseph under the circumstances then existing to act as reasonable police officers and not use excessive force, make false arrests or false imprisonments.

46. Defendants intentionally, willfully, wantonly, and recklessly breached their duty by handcuffing and arresting Joseph without provocation, and making arrests and imprisoning him without probable cause.

47. As a direct and proximate result of Defendants' recklessness and intentional, willful, wanton and reckless acts, Joseph was harmed.

48. The actions of Defendants were willful, wanton or oppressive and merit an award of punitive damages.

49. Plaintiff's right to be free of recklessness under the common law of the State of Delaware has been denied by each Defendant.

## IX. PRAYER FOR RELIEF

**Wherefore**, plaintiffs pray that the Court:

i. Enter judgment against the Defendants.

ii. Enter a declaratory judgment declaring the acts of the Defendants to be a violation of Joseph's constitutional rights.

iii. Enter a judgment against the individual Defendants for compensatory damages in favor of the plaintiffs.

iv. Enter separate judgments against the individual Defendants for punitive damages.

v. Enter a judgment against all the individual Defendants for plaintiffs attorneys' fees, costs and pre- and post-judgment interest for this action.

vi. Require such other and further relief as the Court deems just and proper under the circumstances.

**JACOBS & CRUMPLAR, P.A.**

    /s/ Raeann Warner
**RAEANN WARNER, ESQ. (# 4931)**
Two East Seventh Street, Suite 400
Wilmington, DE 19801
(302) 656-5445

*Attorneys for Plaintiffs*

May 31, 2016