## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOSEPH E. GIBBS,          )
                                            )
                  Plaintiff,        )
                                            )
v.                               )     C.A. No. 16-103 RGA
                                            )
OFFICER BRITTNEY KETLER and    )
OFFICER RUSSELL E. REED,       )
                                            )
                 Defendants.    )

## DEFENDANTS' ANSWER TO THE FIRST
## AMENDED COMPLAINT

### I.    JURISDICTION AND VENUE.

1.    This averment states a legal conclusion to which no response is required. To the extent in which a response is required the allegations are denied.

### II.    COLOR OF LAW.

2.    This averment states a legal conclusion to which no response is required. To the extent in which a response is required the allegations are denied.

### III.    PARTIES.

3.    Defendants are without knowledge sufficient to confirm or deny the allegation set forth in this paragraph.

4.    Admitted that Officer Brittney Ketler was a Wilmington Police Department police officer at all times relevant in this matter.  The remainder of the averments state a legal conclusion to which no response is required. To the extent in which a response is required the allegations are denied.

5.    Admitted that Officer Russell Reed was a Wilmington Police Department police officer at all times relevant in this matter.  The remainder of the averments state a legal

W0085586.

conclusion to which no response is required. To the extent in which a response is required the allegations are denied.

**IV.    FACTS.**

6.    Defendants are without knowledge sufficient to confirm or deny the allegation set forth in this paragraph.

7.    Defendants are without knowledge sufficient to confirm or deny the allegation set forth in this paragraph.

8.    Defendants are without knowledge sufficient to confirm or deny the allegation set forth in this paragraph.

9.    Admitted that a police car pulled up to Plaintiff's vehicle. Defendants are without knowledge sufficient to confirm or deny the remainder of the allegations set forth in this paragraph.

10.    Admitted that Officers Reed and Ketler commanded Plaintiff to stop when he exited his Chrysler. The balance of the averments contained in this paragraph are denied.

11.    Denied.

12.    Defendants are without knowledge sufficient to confirm or deny the allegation set forth in this paragraph.

13.    Denied.

14.    Denied. Upon Defendants' knowledge and belief, at the time of the arrest Plaintiff's conduct caused a scene and drew a crowd.

15.    Admitted that Plaintiff was charged with Resisting Arrest and Disorderly Conduct. In addition to those charges, Plaintiff was also charged with Failure to Have Required Insurance, Expired Tags, Failure to Have Registration Card in Possession, and Illegally

W0085586.

Stopping, Parking, or Leaving any Vehicle Upon a Roadway.

16.     This averment states a legal conclusion to which no response is required. To the extent in which a response is required the allegations are denied.

17.     Denied.

18.     This averment states a legal conclusion to which no response is required. To the extent in which a response is required the allegations are denied.

19.     Denied.

20.     Denied as stated. Admitted that Defendants took Plaintiff into custody and placed handcuffs him in handcuffs and escorted him to the police car.  Further, upon Defendants' knowledge and belief, the handcuffs were not extremely tight.

21.     Defendants are without knowledge sufficient to confirm or deny the allegation set forth in this paragraph.

22.     Denied. Upon Defendants' information and belief, Plaintiff was seated in the police car for less than thirty (30) minutes while Officers Ketler and Reed waited for a tow truck to come for Plaintiff's vehicle.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied as stated. Admitted that Officer Reed charged Plaintiff with Offensive Touching of a Law Enforcement Officer because Plaintiff threw his jacket, belt, and gloves at Officer Ketler.

27.     This averment states a legal conclusion to which no response is required. To the extent in which a response is required the allegations are denied.

W0085586.

28.     Denied.

29.     Defendants are without knowledge sufficient to confirm or deny the allegation set forth in this paragraph.

30.     Defendants are without knowledge sufficient to confirm or deny the allegation set forth in this paragraph.

31.     Defendants are without knowledge sufficient to confirm or deny the allegation set forth in this paragraph.

32.     Defendants are without knowledge sufficient to confirm or deny the allegation set forth in this paragraph.

33.     This averment states a legal conclusion to which no response is required. To the extent in which a response is required the allegations are denied.

**V.      DAMAGES.**

34.     Denied.

**COUNT I: AGAINST ALL DEFENDANTS**

**EXCESSIVE FORCE (ARREST/HANDCUFFING) IN VIOLATION OF 42 U.S.C. § 1983**

35.     Defendants are without knowledge sufficient to confirm or deny the averments set forth in this paragraph. Defendants incorporate by reference all its averments, above and below, as though fully set forth herein.

36.     Denied.

37.     Denied.

**COUNT II: AGAINST ALL DEFENDANTS**

**FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983**

38.     Defendants are without knowledge sufficient to confirm or deny the averments set

forth in this paragraph. Defendants incorporate by reference all its averments, above and below, as though fully set forth herein.

39.     Denied.

40.     Denied.

## COUNT III: AGAINST ALL DEFENDANTS

## FALSE IMPRISONMENT IN VIOLATION OF 42 U.S.C. § 1983

41.     Defendants are without knowledge sufficient to confirm or deny the averments set forth in this paragraph. Defendants incorporate by reference all its averments, above and below, as though fully set forth herein.

42.     Denied.

43.     Denied.

## COUNT IV- AGAINST ALL DEFENDANTS

## RECKLESSNESS/WANTON CONDUCT

44.     Defendants are without knowledge sufficient to confirm or deny the averments set forth in this paragraph. Defendants incorporate by reference all its averments, above and below, as though fully set forth herein.

45.     This averment states a legal conclusion to which no response is required.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

W0085586.

## DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

50.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

51.     Plaintiff's damages, if any, are limited pursuant to 10 Del. C. § 4013.

### THIRD AFFIRMATIVE DEFENSE

52.     The actions and conduct of Defendants did not rise to the level of a Constitutional or statutory violation, and, therefore, Plaintiff did not suffer any infringement of his Constitutional rights or rights secured by Federal or State statute.

### FOURTH AFFIRMATIVE DEFENSE

53.     Defendants are entitled to qualified immunity, and Plaintiff has failed to demonstrate a violation of any Constitutional right or that Defendants acted in a manner that was not objectively reasonable.

### FIFTH AFFIRMATIVE DEFENSE

54.     Defendants' actions and conduct were undertaken without malice and in the good faith performance of their official duties.

### SIXTH AFFIRMATIVE DEFENSE

55.     Plaintiff is not entitled to punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

56.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

57.     Defendants are entitled to immunity pursuant to 10 Del. C. § 4011 from

Plaintiff's claims for ordinary negligence.

## NINTH AFFIRMATIVE DEFENSE

58.    Injuries allegedly sustained by Plaintiff, if any, were directly and proximately

caused by the actions of Plaintiff himself.

**WHEREFORE**, Defendants Officers Brittney Ketler and Russell Reed respectfully

demand that this Honorable Court dismiss the Complaint with prejudice and assess costs against

the Plaintiff.


**CITY OF WILMINGTON LAW DEPARTMENT**


  _/s/ Christofer C. Johnson_____
Christofer C. Johnson (#5621)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
*Attorney for Defendants*

Dated:  July 13, 2016